**In the Matter of Bartley L. and Elaine E. MICKLER, Debtors.**

**HOLIDAY GULF BUILDERS, INC., Plaintiff,**

v.

**Bartley MICKLER, Elaine Mickler and Joe A. McClain, Defendants.**

Bankruptcy No. 80–1226.
Adv. No. 80–282.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 30, 1983.

Don M. Stichter, Stichter & Riedel, P.A., Tampa, Fla., for debtors.

Robert B. Glenn, Domenic Massari, Kass, Hodges & Massari, Tampa, Fla., for Holiday Gulf Builders.

### ORDER ON MOTION FOR NEW TRIAL OR REHEARING

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 11 case commenced by a Petition for Relief filed by Bartley L. Mickler and his wife, Elaine E. Mickler. The immediate matter under consideration is a Motion for New Trial or in the alternative, Motion for Rehearing filed by Holiday Gulf Builders, Inc. (Holiday Gulf), the Plaintiff who instituted the above-captioned adversary proceeding. Holiday Gulf seeks a reconsideration of an order heretofore entered by this Court on October 14, 1983, or in the alternative, a new trial. The matter in controversy relates to the obligation of the Debtors to convey a certain specific area of land on which Holiday Gulf was to build a roadway pursuant to a contract heretofore entered into between the parties whereby the Debtors conveyed a tract of land to Holiday Gulf Builders, which contract initially required the construction of a roadway by the Micklers, but later on through agreement by Holiday Gulf, which roadway was designed to permit Holiday Gulf to have access to U.S. Route 19, a major thoroughfare in North Pinellas County, Florida.

The Motion of Holiday Gulf is based on the contention that the Order of October 14, 1983 was based on clearly manifest errors not only in admission or rejection of evidence, but also in certain specific findings of fact and also in the ultimate conclusion of law. The relief is sought by Holiday Gulf pursuant to F.R.C.P. 59(a) and (c) which in pertinent part provides as follows:

Rule 59. *New Trials; Amendment of Judgments*

(a) *Grounds.* A new trial may be granted to all or any of the parties and on all or part of the issues . . .

(2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, *the Court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions, and direct the entry of a new judgment.* (emphasis supplied)

Fed.R.Civ.P. 59(a).

■ In opposing the Motion, the Debtors contend that under this Rule the only ground which would warrant a rehearing is showing by the moving party that there is newly discovered evidence which was not discoverable by counsel for the moving party prior to the trial by due diligence and which, when considered, would produce a materially different result. Prior to the adoption of this Rule it has been traditionally recognized that motions for new trial were not designed to serve as a substitute for an appeal and ordinarily were to be used only to enable the trial court to correct manifest errors of fact finding or errors in conclusions of law or to permit a litigant to present newly discovered evidence, evidence which was not available and could not be obtained at the time of the trial by due diligence. As stated by a respected text writer, "As a practical matter, in equity formerly and in Court actions now, three grounds for new trial are most commonly known: for manifest error of law or fact,

and newly discovered evidence." 6A *Moore's Federal Practice,* ¶ 59.07 (2d ed. 1982). There is no question anymore, however, that in an action tried without a jury the Court may, virtue of express language of the Rule, take additional testimony, may amend findings of fact and conclusions of law, make new findings and conclusions and direct the entry of a new judgment.

It is Holiday Gulf's position that the Order of October 14, 1983, the Order to which the Motion is directed, contains several material errors. First, it is the contention of Holiday Gulf that this Court erred in finding that prior to the execution of the contract there was a disagreement between the parties as to the location and the construction of the roadway even though there was no evidence presented to support this particular finding and in any event, such evidence would be barred by the parole evidence rule.

Next, it is the contention of Holiday Gulf that this Court erred by stating in the Order of October 14, 1983, that the final judgment which was based on a stipulation of the parties failed to specify the location of the roadway to be built in spite of the undisputed fact that the final judgment adopted a stipulation which, in fact, fixed the location of the roadway.

Next, it is the contention of Holiday Gulf that this Court erred in concluding that the question of the ultimate location of the roadway remained a subject of additional discussion and negotiations that was still an open item and unresolved in spite of the entry of the final judgment and, therefore, this Court, as a court of equity, by considering all the attendant circumstances should permit the Debtors to convey a tract of land for the building of a road other than what was originally specified by the site plan and also by an architectural drawing.

Lastly, it is the contention of Holiday Gulf that this Court not only erred in considering a letter written by counsel for Holiday Gulf to counsel for the Debtors subsequent to the entry of the final judgment in which the view was expressed that the parties might be willing to discuss or negotiate

concerning the relocation of the roadway, but also gave undue significance to the letter and considered the same out of context. In this connection, Holiday Gulf points out that this Court made the finding that there were constant negotiations between the parties regarding the location of the road, but this evidence, according to Holiday Gulf, was inadmissible as violation of the parole evidence rule and the Court failed to recognize that at the time the entry of the final judgment based on the stipulation of the parties, the parties came to a definite agreement as to the location of the roadway, the weight of evidence produced at the trial established the location of the roadway and no evidence of discussions, either prior or subsequent to the final judgment, would create a binding legal obligation on the part of Holiday Gulf to accept the location of the roadway proposed by the Debtors; that while the Court correctly found that Holiday Gulf was willing to discuss the ultimate location of the roadway, as evidenced by a letter marked as Defendant's Exhibit No. 1, the letter did not give rise to either an enforceable equitable or legal obligation on the part of Holiday Gulf to accept the location other than what was originally fixed and agreed upon by the parties.

The Court having reconsidered the record in its entirety, together with the record as established at the final evidentiary hearing is of the opinion that the position urged by Holiday Gulf is well taken and the Order of October 14, 1983 should be amended for the following reasons:

On August 2, 1978, the parties to this controversy executed a contract for the sale of land (Pl's Exh. # 1). Paragraph 6 of the contract required the Debtor to construct a road at a fixed location as known as Whipporwill Road as depicted on that site plan known as the L–1 Job Number 7707 dated February 20, 1978, by George P. Foote, architect, Decatur, Georgia. On July 21, 1981, this Court entered a final judgment based on a stipulation by the parties, which stipulation altered the original contract only to the extent that the responsibility to construct the road was shifted to Holiday Gulf

and the sales price was adjusted to reflect the estimated construction cost on the roadway. It is significant to note, however, that the stipulation did not alter the original location of the roadway. On the contrary, ¶ 10 of the Stipulation provides as follows: "Mickler shall execute and deliver such construction of conveyance and as such be required by Pasco County for the construction and dedication of roadway from U.S. Highway 19 to plaintiff's property as generally represented on the above described preliminary plat." The preliminary plat referred to, which is in evidence (Pl's Exh. # 3), again reaffirms the location for the roadway originally fixed by ¶ 6 of the contract; that is, designates the roadway to be the Whipporwill Road. The preliminary plat referred to is the preliminary plat of Gulf Trace dated November 21, 1980, revised November 24, 1980 and June 19, 1981, prepared by Cumbey & Fair, Inc. A final judgment was entered based on the stipulation and the rights of the parties became fixed upon the entry of that judgment. The fact that the parties continued to discuss the possibility of altering the previously agreed upon location and that a letter to that effect was dispatched after the entry of the judgment, is without legal significance.

On reconsideration, this Court is satisfied that neither the continued conversations between the parties regarding the possibility of relocating the roadway nor the letter from counsel for Holiday Gulf to counsel for the Debtor are legally sufficient to support the conclusions, previously reached by this Court, that all previous agreements regarding the location of the roadway and the stipulation of the parties which was confirmed by the final judgment have been superceded. Neither the discussions nor the letter rise to the level of a legally cognizable novation. This being the case, the Court is now satisfied that the Order of October 14, 1983 in which an unwarranted recognition was given to the post-judgment contact between the parties, was in error and must be vacated.

In light of the foregoing, it is unnecessary to consider the Motion for New Trial filed by Holiday Gulf for the purpose of permitting Holiday Gulf to introduce additional evidence to rebut whatever inference could be drawn from the letter of counsel for Holiday Gulf sent to counsel for the Debtor (Debtor's Exh. # 1).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing filed by Holiday Gulf Builders, Inc. be, and the same hereby is, granted. It is further

ORDERED, ADJUDGED AND DECREED that the stipulation heretofore entered into and the final judgment based on the same be, and the same hereby are, ratified and Bartley L. Mickler and his wife, Elaine E. Mickler, the Debtors, shall convey to Holiday Gulf Builders, Inc. the tract of land as shown on site plan "L–1 Job 7707." It is further

ORDERED, ADJUDGED AND DECREED that the Motion for New Trial filed by Holiday Gulf Builders, Inc. be, and the same hereby is, denied.